1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWN MARIE REID,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

NO.  C2:14-CV-0250-BJR-JLW

REPORT AND
RECOMMENDATION

BASIC DATA

Type of benefits sought:

( ) Disability Insurance

(X) Supplemental Security Income

Plaintiff's:

Sex: Female

Age: 43 at amended alleged onset date

Principal Disabilities Alleged by Plaintiff: PTSD, bipolar affective disorder, degenerative joint disease of the knees, and right wrist status post surgery.

Disability Allegedly Began: amended onset date to March 30, 2011

Principal Previous Work Experience: no past relevant work as defined by the regulations.

Last worked: No substantial gainful activity during relevant period or in her history; she held down jobs at the YWCA and a Salvation Army thrift store for several weeks to months.

Education Level Achieved by Plaintiff:  Limited.  No GED.

REPORT AND RECOMMENDATION - 1

1

## PROCEDURAL HISTORY – ADMINISTRATIVE

2

Before ALJ Timothy Mangrum:

3
      Date of Hearing: July 3, 2012, hearing transcript AR 38-67

      Date of Decision: October 25, 2012

4
      Appears in Record at:  AR 17-32

5
      Summary of Decision:

6

7

8

9

10
            Claimant has not engaged in substantial gainful activity since her amended alleged onset date, March 30, 2011; she has severe impairments of substance abuse/addiction disorder, PTSD, bipolar affective disorder, and degenerative joint disease of the knees.  She has nonsevere impairments of Hepatitis C, hand/wrist symptoms, and a degenerative back condition.  Her impairments, including the substance use disorder, meet Listings 12.04 (affective disorder), 12.06 (anxiety related disorder), and 12.09 (substance addiction disorder).  If claimant stopped the substance abuse, she would continue to have the same severe impairments but she would not meet any Listing.

11
            As to claimant's credibility, the symptom severity she alleges is not supported by the evidence, based on her medical records and activities.

12

13
            She has the RFC to perform light work, subject to certain limitations, including a limitation to performing frequent handling and fingering bilaterally.   She is limited to unskilled jobs with no public interaction and only occasional co-worker interactions.

14

15

16
            She has no past relevant work.  The testimony of the vocational expert identified examples of two jobs she can perform: products assembly and small products assembly.  This establishes she can perform substantial work which exists in the national economy and requires a finding of "not disabled."

17

18
Before Appeals Council:

      Date of Decision: February 19, 2014

19
      Appears in Record at: AR 1-4

20
      Summary of Decision: declined review

21

22
## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

23
Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

24

REPORT AND RECOMMENDATION - 2

1

2

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X)  Reverse and remand to the ALJ for calculation and award of benefits.

3

SUMMARY OF RECOMMENDATION

4

5

6

7

8

9

10

11

12

13

14

15

16

There is merit to some of Plaintiff's assignments of error.  The ALJ found Plaintiff is disabled when factoring in the effects of alcohol abuse.  However, the ALJ also found that Plaintiff would not be disabled if she did not abuse alcohol.  This finding is not based on substantial evidence.  The ALJ dismissed treating and examining medical opinions indicating her disability would persist, even absent drug or alcohol abuse (DAA).  But the ALJ did not provide specific and legitimate reasons for this finding.  The ALJ did not accord Plaintiff's treating psychiatrist deference or explain why deference was not due.  The ALJ isolated specific portions of the treating and examining physicians' opinions while declining to give weight to the essence of their opinions.  Under Ninth Circuit law, the court is required to credit these opinions as true.  Based on the complete medical record and supporting medical opinions, there remains no unresolved issue.  Further proceedings are not required; an award of benefits is appropriate and mandated.  The court should remand the case for calculation of benefits and an immediate award.

17

STANDARD OF REVIEW

18

19

20

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.

21

EVALUATING DISABILITY

22

23

24

The claimant, Ms. Reid, bears the burden of proving she is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any

REPORT AND RECOMMENDATION - 3

substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

<u>ISSUES ON APPEAL</u>

1.     Did the ALJ err in assessing medical opinion evidence?

2.     Did the ALJ err in assessing the materiality of drug or alcohol abuse?

3.     Did the ALJ err in assessing Plaintiff's RFC?

4.     Did the ALJ err in assessing Plaintiff's symptom credibility?

Dkt. No. 16.

<u>DISCUSSION</u>

***Materiality of Drug or Alcohol Abuse (DAA) on Plaintiff's Disability***

The ALJ found Plaintiff disabled when considering DAA, but not disabled without DAA.  It is undisputed that Plaintiff has a history of drug and alcohol use.  The record indicates

she has not used controlled substances in years and has abstained from alcohol since March 2011.  AR 61.

### The Two-Step DAA Analysis under *Bustamante*

Social Security claimants may not receive benefits where drug addiction or alcoholism is a material contributing factor to disability.  *See* 20 C.F.R. §§ 404.1535(b), 416.935(b); 42 U.S.C. § 423 (d)(2)(c).  Procedurally, an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction.  *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  Then, if the ALJ finds the claimant disabled and there is medical evidence of drug addiction or alcoholism the ALJ must determine whether the claimant would still be found disabled if she stopped using alcohol or drugs.  *Id*.  The claimant bears the burden of proving that DAA is not a "material contributing factor to his disability."  *Parra v. Astrue*, 481 F.3d 742, 744-45 (9th Cir. 2007).  Here, the ALJ followed the *Bustamante* two-step procedure:  the ALJ first found Plaintiff meets three separate listed impairments and is therefore disabled.  Then, the ALJ analyzed Plaintiff's limitations absent substance abuse.  The ALJ concluded Plaintiff would have the RFC for limited light work when not using drugs or alcohol. The issue is whether this second determination is based upon substantial evidence.

### Substantial evidence does not support finding DAA material to Plaintiff's disability.

The ALJ's finding that DAA is material to Plaintiff's disability is not based on substantial evidence.  The ALJ selectively focused on evidence showing occasional instances of higher functioning and rejected treating and examining medical opinion evidence that Plaintiff's limitations exist apart from DAA.  The ALJ did not provide specific and legitimate reasons for discrediting this evidence and did not accord due deference to the opinion of Plaintiff's treating psychiatrist.  Crediting the treating and examining providers' opinion

evidence indicates that even apart from DAA, Plaintiff continues to meet the Listings and is therefore conclusively disabled.

*The ALJ's DAA Analysis*

First, the ALJ found Plaintiff meets three mental impairment Listings: 12.04 (affective disorder), 12.06 (anxiety-related disorder), and 12.09 (substance addiction disorder).

The ALJ found the "paragraph A" criteria under listing 12.04 "are satisfied because the claimant has a bipolar disorder with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes.  In addition, per listing 12.06, the claimant also has recurrent and intrusive recollections of past traumatic experiences related to physical and sexual abuse as a child, domestic violence in adulthood, and loss and grief from the loss of her children, which are a source of marked distress.  Further, under listing 12.09, the claimant has had physical and behavioral changes associated with the regular use of substances that affect the central nervous system."  AR 20-21 (citations to record omitted).

Next, the ALJ assessed Plaintiff's "paragraph B" criteria with and without DAA. Meeting paragraph B criteria under these listings requires "marked" restriction in at least two of three functional categories: "activities of daily living," "social functioning," and "concentration, persistence or pace."

(1.) *Activities of Daily Living*.  The ALJ found Plaintiff has "moderate" restrictions with DAA and continues to have "moderate" limits absent DAA.  The ALJ reasoned that Plaintiff is able to live in an apartment at a women's housing facility, prepare her own meals, use public transportation, buy groceries, read, watch television, and attend medical appointments and regular substance treatment meetings.  AR 23.

(2.) *Social Functioning*.  The ALJ found Plaintiff has "marked" difficulties with DAA but only "moderate" difficulties absent DAA, again pointing to Plaintiff's ability to live in an

1   apartment at a women's housing facility, prepare her own meals, use public transportation, buy

2   groceries, read, watch television, and attend medical appointments and regular substance

3   treatment meetings.  AR 23.  The ALJ noted that Dr. Dees, the examining psychologist, noted

4   in May 2012 her activities also include spending time with her husband who lives in a different

5   shelter and some friends on the street.  AR 23, 650.  However, the ALJ did not note the report

6   that in the same paragraph she told Dr. Dees "sometimes I stay at home and do nothing all

7   day" and that Dr. Dees found significant that "she reports consistent ADL [activities of daily

8   living] care,but she presents today as moderately malodorous."  AR 651.  The ALJ also noted

9   that Dr. Kolden, Plaintiff's treating psychiatrist, described her after her recent sobriety as

10  "likeable and spunky, with a real sense of humor…[she] knows how to be polite and present

11  herself in a friendly way [and] she is kind."  AR 23.  But the ALJ edited out the rest of Dr.

12  Kolden's sentence that explained that such behavior of Plaintiff's "comes out in the safety of

13  [the psychiatrist's] office."  *See* AR 679.  Lastly, the ALJ noted that the state agency reviewing

14  consultants (non-examining) found only moderate limitations in her ability to interact with the

15  public and to accept instructions/supervision, and concluded Plaintiff should have limited

16  contact with the public, coworkers, and supervisors.  AR 125-26.

17        (3.) *Concentration, Persistence, or Pace*.  The ALJ found Plaintiff has "marked"

18  difficulties with DAA, but only "moderate" difficulties absent DAA.  The ALJ again reasoned

19  Plaintiff's activities such as preparing meals, using public transportation and reading indicate

20  only moderate difficulty.  The ALJ points to Plaintiff's report to Dr. Dees that she likes to read

21  and "can read a book in three days."  AR 24, 651.  However, at the hearing Plaintiff testified

22  there are times when she is unable to read due to difficulty concentrating and remembering

23  what she has read.  AR 60.  The ALJ noted Dr. Kolden's indication that her mood disorder and

24  emotional trauma can be treated and managed, and with long-term sobriety her limitations will

1    be less severe and her concentration will improve, though Dr. Kolden found she would not be

2    well enough to work for two to three years.  AR 24, 680.  Finally, the ALJ noted the state

3    agency reviewing psychological consultants' opinion that Plaintiff can perform simple,

4    repetitive tasks but she would have difficulty completing a normal workday/workweek because

5    of her volatility, social difficulties, and anxiety.  The consultants found that, "with long-term

6    sobriety and medication compliance, [Plaintiff's] ability to perform these tasks should

7    improve."  AR 24, 125.

8         The ALJ does not present an accurate picture of Plaintiff's functioning, based on the

9    consistent reports of Drs. Kolden and Dees.  In a June 2012 mental RFC assessment, Dr.

10   Kolden, Plaintiff's treating psychiatrist, found severe and marked social and occupational

11   limitations persist without DAA.  AR 681. Dr. Dees, an examining psychiatrist, also found

12   serious social and occupational limitations persist after Plaintiff's sobriety date; particularly

13   that Plaintiff would be unlikely to be able to work in a consistent and competitive work

14   environment, or maintain a consistent work schedule because of her depression, anxiety, PTSD

15   symptoms, and mood instability.  AR 651.  Similarly, examining psychiatrist Dr. Hopfenbeck

16   concluded Plaintiff's limitations exist apart from alcohol abuse, opining that although it

17   certainly played a part in her symptoms, he found it is not the cause of her chronic and severe

18   mental health problems.  AR 520.  The ALJ selectively dismissed the portions of the doctors'

19   reports that supported disability and purported to credit those that did not.  AR 30.

20        Notably, the treating and examining psychiatric sources the ALJ cites agree that

21   although Plaintiff continues to show improvement, she is not mentally functional enough to

22   consistently sustain full-time work.  This is supported by the record wherein Plaintiff's

23   diagnosis of bipolar affective disorder and PTSD from a long history of childhood sexual,

24   mental, and physical abuse that continued onto abusive relationships in adulthood and resulted

in drug and alcohol abuse for many years.  Dr. Kolden notes Plaintiff will continue to have bipolar disorder regardless.  AR 680.  Plaintiff's mental health providers conclude that although she is improving and learning to deal with her impairments, some time is required to recover from these serious impairments, if full recovery is indeed possible.  Treating psychiatrist Dr. Kolden opined this process would take Plaintiff two to three years with sufficient counseling, medication, and continued sobriety.  AR 680.  Although Dr. Kolden noted the two to three year time-frame is somewhat arbitrary under the circumstances, the period is double to triple the length of what is required of the SSA disability durational period of twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ's reasons for finding two of three functional categories under the Listings "marked" with DAA but not marked absent DAA, are not based on substantial evidence. Discussed further below, Plaintiff meets her burden of showing DAA is not material to her disability, consistent with the opinions of examining and treating mental health experts who agree she continues to suffer the effects of her mental impairments, although now sober.  As with any other claimant, should Plaintiff's condition improve to the point she is well enough to sustain full-time work, she will at that point no longer be entitled to receive benefits.

### Treating Psychiatrist, Dr. Rolf Kolden, M.D.

Dr. Kolden is Plaintiff's primary treating psychiatrist; he began treating Plaintiff when she was abusing alcohol and continued treating her once she attained sobriety.  Even after sobriety, Dr. Kolden opined Plaintiff continued to have marked to severe limitations in areas of social and occupational functioning.  AR 681-82.  Dr. Kolden supported the mental RFC with a specific and detailed letter summarizing his treatment relationship with Plaintiff and his opinion of her mental health status.  See AR 678-680.  The ALJ purported to give "great

REPORT AND RECOMMENDATION - 9

1  weight" to some aspects of Dr. Kolden's opinions but gave little to no weight to his June 2012

2  mental RFC that concluded Plaintiff was not yet able to maintain full time work due to

3  persisting marked and severe mental limitations.  AR 29.

4       As a treating physician, Dr. Kolden's opinion is generally entitled to controlling

5  weight.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the ALJ rejects a treating or

6  examining physician's opinion that is contradicted by another doctor, he must provide specific,

7  legitimate reasons based on substantial evidence in the record.  *Id*. at 830-31; *Valentine v.*

8  *Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).  Dr. Kolden's opinion is

9  contradicted by the opinion of nonexamining, reviewing medical consultants who found

10  Plaintiff capable of limited light work.  AR 28-29.  Therefore, the ALJ must provide specific

11  and legitimate reasons, based on substantial evidence in the record, for rejecting Dr. Kolden's

12  opinion.

13       Here, the ALJ's reasoning does not constitute substantial evidence to overcome the

14  deference to which the opinion of a treating physician is entitled.  *Orn v. Astrue*, 495 F.3d 625,

15  631 (9th Cir. 2007) ("By rule, the Social Security Administration favors the opinion of a

16  treating physician over non-treating physicians.  *See* 20 C.F.R. § 404.1527. If a treating

17  physician's opinion is "well-supported by medically acceptable clinical and laboratory

18  diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case

19  record, [it will be given] controlling weight." *Id*. § 404.1527(d)(2).").

20       In this case the ALJ provided five reasons for giving little weight to Dr. Kolden's

21  conclusions, that they: (1) are inconsistent with Plaintiff's performance on some mental status

22  examinations; (2) are overly reliant on Plaintiff's subjective reports of symptoms; (3) provide

23  little evidence of clinical findings; (4) are inconsistent with progress notes indicating

24  improvement with sobriety; and (5) are inconsistent with Plaintiff's range of activities.  AR 29.

REPORT AND RECOMMENDATION - 10

1   None of these reasons is based on substantial evidence.  The ALJ's reasoning selectively points

2   to some instances of greater functioning and does not weigh or give deference to the treating

3   relationship supported by progress notes and a highly detailed opinion letter submitted by Dr.

4   Kolden in which he explains the cyclical nature of her bipolar mental illness, defined by manic

5   and depressive mood swings.  *See e.g., Holohan v. Massanari*, 246 F.3d 1195, 1205 ("[a

6   physician's] statements must be read in context of the overall diagnostic picture he draws. That

7   a person who suffers from severe panic attacks, anxiety, and depression makes some

8   improvement does not mean that the person's impairments no longer seriously affect her

9   ability to function in a workplace.").

10   Dr. Kolden opined Plaintiff's bipolar disorder preexisted and would remain regardless

11   of sobriety.  Dr. Kolden gave credence to Plaintiff's marginal improvement with her newfound

12   sobriety, based on his clinical observations and mental status examinations, but concluded she

13   is not yet functional enough for consistent full time work.  When read in context, this is

14   supported by Dr. Kolden's treatment notes and is consistent with the opinion of Dr. Dees, the

15   examining psychologist.

16   The ALJ did not explain or give appropriate weight to relevant factors such as the

17   treatment relationship, including its length and frequency, the nature and extent of the

18   treatment relationship, consistency with the record as a whole, or Dr. Kolden's specialization

19   as a board certified psychiatrist.  *See* 20 C.F.R. § 404.1527(c); *Orn*, 495 F.3d at 631-33.

20   As to Dr. Kolden's over-reliance on Plaintiff's subjective complaints, there is no

21   evidence to support this, nor does the ALJ attempt to point to any.  Regardless, Plaintiff's

22   credibility regarding her symptoms also withstands scrutiny, discussed further below.

23   ///

24   ///

1    ***Examining Psychologist, Dr. Wayne Dees, Psy.D.***

2            In May 2012 Dr. Dees completed a psychological evaluation of Plaintiff.   AR 649-51.

3    Dr. Dees opined Plaintiff would be unable to work in a consistent and competitive work

4    environment and maintain a consistent work schedule.   AR 651.   Similar to his disposition of

5    Dr. Kolden's opinion, the ALJ rejected Dr. Dees' opinion.   He reasoned that the opinion is not

6    consistent with the mental status exam because Dr. Dees noted that Plaintiff appeared "alert,

7    friendly, and cooperative" with "socially appropriate behavior" and found it inconsistent with

8    Dr. Dees' notes indicating improvement with recent sobriety.   AR 30.   The ALJ dismissed Dr.

9    Dees' opinion essentially because Plaintiff showed some improvement in some areas and was

10   pleasant to the doctor.   However, like Dr. Kolden, Dr. Dees finds Plaintiff is unable to

11   consistently work full time.   The ALJ selectively credits portions of Dr. Dees' opinion and test

12   results but does not provide legitimate reasons for discrediting Dr. Dees' opinion.   Notably,

13   even the state agency psychologists' opinions who find Plaintiff capable of some limited light

14   work also note she will likely continue to have problems due to her volatility, social difficulties

15   and anxiety.   *See* AR 125.

16           The ALJ does not cite any examining or treating medical evidence or authority in

17   support of his conclusions rejecting the evaluations of Drs. Kolden and Dees.   The ALJ may

18   not substitute his own judgment for that of the psychiatrist.   *See Tackett v. Apfel*, 180 F.3d

19   1094, 1102-03 (9th Cir. 1999); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("The

20   Commissioner's determination must be based on testimony and medical evidence in the record.

21   And…ALJs must not succumb to the temptation to play doctor and make their own

22   independent medical findings.") (citations omitted).

23   ///

24   ///

REPORT AND RECOMMENDATION - 12

*Examining Psychiatrist, Dr. James Hopfenbeck, M.D.*

Dr. Hopfenbeck conducted a psychiatric evaluation in May 2010.  AR 515-20.  Dr. Hopfenbeck opined "significant trauma history, first diagnosed with bipolar disorder in mid-teens.  Alcohol plays a part, but is not the cause of her chronic and severe mental health problems."  AR 520.  The ALJ rejected Dr. Hopfenbeck's findings, in part, reasoning they did not adequately account for the amplifying effect of Plaintiff's substance abuse and because the assessment was prior to her alleged onset date in March 2011.  AR 30.  The ALJ's reasoning here is based on evidence in the record; Plaintiff did not attain sobriety until after Dr. Hopfenbeck's assessment.  However, the court notes Dr. Hopfenbeck's opinion is consistent with the opinions of Drs. Kolden and Dees in that he concludes Plaintiff's alcohol abuse is not material to her mental impairments.

In sum, the ALJ does not provide legally sufficient reasons for not fully crediting Dr. Kolden's and Dr. Dees' opinions regarding Plaintiff's continued marked and severe limitations, absent DAA.  Therefore, this court must credit the opinions in this regard as true.  *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) ("…the credit-as true rule applies to medical opinion evidence, not only claimant testimony.") (citations omitted).

Crediting the opinions as true means Plaintiff continues to have at least marked limitations in work-related areas of functioning and therefore continues to meet the Listings, even absent DAA.  Therefore, Plaintiff is conclusively disabled.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d) (A claimant with an impairment which meets or equals an impairment listed in Appendix I and meets the duration requirement is awarded benefits).  Thus, crediting the opinion of Drs. Kolden and Dees as true ends the disability inquiry without the need to formulate a revised RFC.

1    *Plaintiff's Credibility Regarding Her Symptom Severity*

2         First, the ALJ found considering the effects of alcohol abuse, Plaintiff is credible

3    concerning her bipolar/manic episodes with labile mood and frequent suicidal ideation, PTSD

4    nightmares, flashbacks and intrusive thoughts, hypervigilance, social phobia, isolation, anxiety,

5    panic attacks, low energy, poor self-esteem, low motivation, difficulty with concentration and

6    completing tasks.  AR 22.  The ALJ found these allegations supported by the medical evidence

7    of record.  Then, the ALJ determined that during periods of substance treatment and sobriety

8    Plaintiff is not credible as to the severity of these symptoms.  AR 26.

9         Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

10   reject a claimant's testimony about the severity of her symptoms.  *See Lingenfelter v. Astrue*,

11   504 F.3d 1028, 1036 (9th Cir. 2007).  "General findings are insufficient; rather, the ALJ must

12   identify what testimony is not credible and what evidence undermines the claimant's

13   complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  In weighing a claimant's

14   credibility, the ALJ may consider her reputation for truthfulness, inconsistencies either in her

15   testimony or between her testimony and her conduct, her daily activities, her work record, and

16   testimony from physicians and third parties concerning the nature, severity, and effect of the

17   symptoms of which he complains.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)

18   (citations omitted).

19        Here, there the ALJ cites no evidence of malingering and neither does any provider in

20   Plaintiff's record.  The clear and convincing standard applies.  The ALJ found the medical

21   evidence provided by Drs. Kolden and Dees supports improvement in her symptoms and

22   functioning to a level of non-disability.  AR 27-28.  However, as discussed above, the ALJ's

23   dismissal of the opinions of Drs. Kolden and Dees is not supported by legally sufficient

24   reasoning.  The ALJ did not credit the opinions of Drs. Kolden and Dees that Plaintiff

continues to have marked limitations even when no longer abusing alcohol, but separated out of context portions of their opinions to support the opposite conclusion.  Therefore, this reasoning is also not clear and convincing evidence to discredit Plaintiff's symptom allegations.

The ALJ also cites Plaintiff's daily functioning and range of activities as inconsistent with allegations of more limiting mental symptoms.  The ALJ notes Plaintiff is independent in personal care, cooking, reading, and using an EBT card for groceries, and that she takes public transportation, shops in stores, socializes with friends, and attends medical, counseling, and sobriety meetings.  AR 28.  However, this is an exaggeration of Plaintiff's actual reports to her physicians and her testimony at the hearing.  Providers note she continues to be malodorous and does not shower, eat, or clean when in a depressive mode, she prepares frozen meals, she often has difficulty concentrating on reading, and her socialization is limited and sporadic, particularly when in a depressive state.

Plaintiff testified that due to her alternating manic and depressive states, some days she is "really high up there and wound up, and some days I get really depressed and don't want to get up out of bed or do nothing."  AR 54.  She testified she has more down days than up days; on her "up days" she wants to "go, go, go but my mind can't focus that fast" resulting in difficulty completing tasks when in manic mode.  AR 54.  She testified she has thoughts of hurting other people in manic mode and has trouble sleeping and sometimes stays up for several days.  Plaintiff testified that when she switches to depressed mode she hits rock bottom and stays in bed, sleeps too much, not showering, eating, or cleaning up.  AR 56.  She testified to panic attacks several times a week and nightmares and uncontrolled waking thoughts about her past trauma.  AR 59.  Plaintiff testified she enjoys reading when she is able to but there are times when she is unable to concentrate or remember what she has read.  She testified to

1    having difficulties with chores and self-care more than half the time in a given month.  AR 60.

2    Plaintiff's testimonial evidence in conjunction with the treating and examining opinions

3    regarding the cyclical nature of bipolarism further supports that the ALJ did not provide clear

4    and convincing reasons for discrediting Plaintiff's symptom allegations.

5

6    ***The appropriate remedy is to remand for calculation and award of benefits.***

7         For the court to remand to the ALJ with instructions to calculate and award benefits, a

8    three-part credit-as-true standard is imposed.  All three parts must be met: (1) the record has

9    been fully developed and further administrative proceedings would serve no useful purpose;

10   (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether

11   claimant testimony or medical opinion; and (3) if the improperly discredited evidence were

12   credited as true, the ALJ would be required to find the claimant disabled on remand.  *Garrison*

13   *v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

14        Here, all three conditions are satisfied.  First, there is no need for further proceedings as

15   the record has been fully developed.  Based on the opinions of Drs. Kolden and Dees, Plaintiff

16   continues to have at least marked limitations in work-related areas, and therefore continues to

17   meet the Listings even absent DAA.  "On that basis, we can conclude that [Ms. Reid] is

18   disabled without remanding for further proceedings to determine anew her RFC."  *Garrison* at

19   1022.  Second, as discussed above, the ALJ failed to provide legally sufficient reasons for

20   rejecting the opinions of Drs. Kolden and Dees and therefore failed to provide legally

21   sufficient reasons for finding Plaintiff not disabled absent DAA.  The ALJ also failed to

22   provide legally sufficient reasons for discounting Plaintiff's credibility regarding her

23   limitations.  Third, "if the improperly credited evidence were credited as true, it is clear that the

24   ALJ would be required to find [Ms. Reid] disabled on remand."  *Id.*  Crediting the opinions of

REPORT AND RECOMMENDATION - 16

Drs. Kolden and Dees as true, that Plaintiff continues to have marked limitations absent DAA, indicates Plaintiff continues to meet SSA listed impairments and is therefore conclusively disabled.

Furthermore, following *Garrison*, this court has "independently reviewed the entire record and also have found nothing that would create doubt as to [Ms. Reid's] entitlement to the benefits she seeks." Although Plaintiff has clearly struggled with alcohol abuse, multiple mental health providers and psychiatrists conclude her problems are primarily psychiatric in nature. Her treating psychiatrist believes she will continue to heal and learn to cope with her mental impairments so that she may work, but has not yet reached that point. The record reveals no evidence or suspicion of malingering. "In sum [Ms. Reid] satisfies all three conditions of the credit-as-true rule and that a careful review of the record discloses no reason to seriously doubt that she is, in fact, disabled. A remand for a calculation and award of benefits is therefore required under our credit-as-true precedents." *Garrison* at 1023.

<u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for calculation and award of benefits due.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect the parties' right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the

REPORT AND RECOMMENDATION - 17

1   objections.  A party filing an objection must note the matter for the court's consideration

2   fourteen (14) days from the date the objection is filed and served.  Objections and responses

3   shall not exceed twelve pages.

4          DATED this 17th day of December, 2014.

5

6          _____

7          JOHN L. WEINBERG
           United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 18